IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GREGORY HALPERN, | Case No. 3:25-cv-50398 |
| Plaintiff, | |
| v. | Honorable Iain D. Johnston |
| CHIEF JUSTICE JOHN ROBERTS, et al. | |
| Defendants. | |

**OPINION AND ORDER**

### I.    Procedural Background

Plaintiff Gregory Halpern has brought eight counts against five sitting or former U.S. Supreme Court Justices: Chief Justice John Roberts, Justice Amy Coney Barrett, Justice Stephen Breyer, Justice Sonia Sotomayor, and Justice Elena Kagan. Complaint at 4-5.[1] Halpern later amended his complaint, dismissing Justice Breyer and removing individual capacity claims. Amended Complaint at 6.[2] In his amended complaint, Halpern brings counts entitled: (i) taxpayer standing: fraudulent use of public funds; (ii) violation of constitutional due process (5th Amendment); (iii) violation of the Tenth Amendment; (iv) complicity in fraud and misuse of federal funds; (v) abuse of judicial power / judicial misconduct; (vi) violation of executive directives on national security and public safety; (vii) judicial

---

[1] The original complaint begins on page 1 of dkt. 2, ex. 1.
[2] The amended complaint begins on page 28 of dkt. 2, ex. 1.

overreach into non-justiciable executive authority; and (viii) intentional infliction of emotional distress. *Id.* at 11-17. Ostensibly, Halpern's complaint boils down to his taking umbrage with the Court's 5-4 decision in *Dep't of State, et al. v. Aids Vaccine Advoc. Coal., et al.*, 604 U.S. \_\_\_, 145 S.Ct. 753 (Mem) (2025). *See* Amended Complaint at 4.[3]

Halpern initially filed his complaint in the Circuit Court of McHenry County, Illinois. *Id.* at 1. The action was removed by motion of all defendants pursuant to 28 U.S.C. § 1442. *Id.* All defendants have since moved to dismiss on the basis of Rule 12(b)(1) and 12(b)(6). Dkt. 5.

## II. Legal Standard

Federal courts are limited to deciding only actual "Cases" or "Controversies." U.S. Const. art. III § 2. Article III standing is an essential element to federal subject-matter jurisdiction that courts are duty-bound to address at the outset of a case. *Bazile v. Finance Sys. Of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also In re Deere & Co.*, 703 F. Supp. 862, 873 (N.D. Ill. 2023). At the pleading stage, the plaintiff need not prove it has standing, but it must allege facts sufficient to plausibly allege

---

[3] Halpern disputes that this case is at issue, stating that "Plaintiff never invoked that case. This action arises solely from the Supreme Court's March 5, 2025 order mandating immediate disbursement of $2 billion in taxpayer funds for controversial foreign aid projects…" Plaintiff's Response at 2. This March 5, 2025 order was issued in *Dep't of State, et al. v. Aids Vaccine Advoc. Coal., et al.*, 604 U.S. \_\_\_, 145 S.Ct. 753 (Mem) (2025). Obviously there is no difference between invoking the "order" and invoking the case where the order issued. And Halpern inadvertently concedes this on the very next page. "The only *case* at issue is the March 5, 2025 SCOTUS order…" Plaintiff's Response at 3 (emphasis added).

standing. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896-97 (7th Cir. 2018).

Three requirements are necessary for Article III standing: first, the plaintiff must have an injury in fact—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there must be a causal connection between the injury and the conduct complained of: the injury must be fairly *traceable* to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and third, it must be likely—as opposed to merely speculative—that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n. 1. It is concrete if it is "real," not abstract. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal citations omitted). Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, threadbare recitals of the elements of Article III standing, supported by mere conclusory statements, do not suffice. *KL3, LLC v. United States*, 176 Fed.Cl. 657, 668 (2025); *Kan. Nat. Res. Coal. v. United States Dep't. of Interior*, 971 F.3d 1222, 1231 (10th Cir. 2020); *Kareem v. Haspel*, 986 F.3d 859, 865-66 (D.C. Cir. 2021). With limited exceptions, status as a federal taxpayer is insufficient to demonstrate injury. *Commonw. of Mass. v. Mellon*, 262

3

U.S. 447, 486-87 (1923); *Flast v. Cohen*, 392 U.S. 83, 92-94 (1968); *Hein v. Freedom from Relig. Found., Inc.*, 551 U.S. 587, 593 (2007).

### III. Analysis

Halpern has failed to plausibly allege either a concrete or particularized injury sufficient to bring a suit under Article III.

Halpern was not a party—or even tangentially related—to the outcome of *Dep't of State, et al. v. Aids Vaccine Advoc. Coal., et al.*. His attempt to distinguish the case from the order fails. As such, he lacks standing to challenge those results; let alone bring suit against sitting Supreme Court Justices regarding their decisions.

Halpern's only discernable attempt to address the standing issue is in reference to his status as a "taxpayer, citizen, and constitutional adherent." Amended Complaint at 16. But no attempt is made to avoid the general prohibition on taxpayer standing or to identify an applicable exception. *See Mellon*, 262 U.S. at 486. Indeed, Halpern admits that his complaint is shared by millions of Americans. Amended Complaint at 15-16. This is neither a concrete nor a particularized harm.

Generally, a matter removed to federal court from state court that is subsequently dismissed for lack of subject-matter jurisdiction must be remanded to state court. 28 U.S.C. § 1447(c). However, when federal courts possess original jurisdiction and remand would be futile as a matter of federal law, dismissal is appropriate. *See generally*, *Porch-Clark v. Englehart*, 930 F.Supp.2d 928, 938 (N.D. Ill. 2013), *aff'd* 547 F.App'x 782 (7th Cir. 2013); *see also Thompson v. Army & Air*

4

*Force Exch. Serv.*, 125 F.4th 831, 835 n. 4 (7th Cir. 2025); *Halpern v. United States, et. al.*, No. 25-cv-50353 at dkt. 51 (N.D. Ill. Nov. 18, 2025). The Justices possess an absolute right to remove under 12 U.S.C. § 1442. Thus, remand would be circular and futile.

### IV.  Conclusion

For the above reasons, the matter is dismissed without prejudice. Halpern is provided until January 15, 2026 to file an amended complaint. If an amended complaint is not received by that date, or if the amended complaint fails for the same reasons as described above, the civil case will terminate.

Entered: December 17, 2025                                                             By: _____
                                                                                                                Iain D. Johnston
                                                                                                                U.S. District Judge